**Harvey Neil ROSS, Plaintiff,**

v.

**STATE FARM INSURANCE COMPANY, Defendant.**

**No. 86–CV–40500–FL.**

United States District Court,
E.D. Michigan, S.D.,
at Flint.

Oct. 23, 1987.

On Defendant's Motion to Reconsider
Jan. 11, 1988.

Mary H. Simon, Flint, Mich., for plaintiff.

Robert C. Ludolph, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

At an August 8, 1987 hearing, the Court granted defendant's Motion for Summary Judgment of Count I of the complaint. Pursuant to Local Rule 17(m), plaintiff has now moved the Court for reconsideration of this earlier decision. For the reasons stated below, the Motion is GRANTED;

the Court's earlier grant of summary judgment is VACATED, and Count I of the complaint shall hereby be REINSTATED.*

In the seminal case of *Toussaint v. Blue Cross and Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980), the Michigan Supreme Court held that an employer may be deemed to have undertaken to discharge its employees only for cause if the employer either explicitly so states, or if termination policy and procedures exist to give rise to such a legitimate expectation on the part of the employees. In this case, plaintiff Ross based his *Toussaint* claim primarily on defendant State Farm's policies and procedures strongly suggesting that such a duty should attach, which procedures were enumerated in State Farm's employee handbooks and elsewhere. This Court rejected plaintiff's *Toussaint* argument from the bench, however, primarily relying on *Reid v. Sears, Roebuck and Co.,* 790 F.2d 453 (6th Cir.1986).

*Reid* held that the *Toussaint* "procedures and policies" rule does not apply if, despite the existence of such policies, the employer nevertheless takes care explicitly to inform a prospective employee that employment will be on an "at will" basis only. The *Reid* court particularly emphasized that, on the facts before it, the complaining employee had signed an application for employment acknowledging that he served "at the will or pleasure" of the company. The court identified that as the critical fact that distinguished *Reid* from *Toussaint. Reid,* 790 F.2d at 455. Accordingly, the *Reid* court granted summary judgment to defendant, on the ground that no "for cause" duty arose. The Sixth Circuit subsequently reached the same result on the same grounds in *Dell v. Montgomery Ward and Co.,* 811 F.2d 970 (6th Cir.1987) and this Court did similarly in *Carpenter v. American Excelsior Co.,* 650 F.Supp. 933 (E.D. Mich.1987).

As plaintiff argues in his Motion for Reconsideration, however, there are other

---

* Also outstanding is plaintiff's Motion to Compel Discovery (Docket Entry 31). In telephone conversations on September 17, 1987 with the law clerk, both parties agreed that they have since resolved this matter. Accordingly, plaintiff's Motion to Compel is deemed WITHDRAWN.

cases holding that, if an employer fails to make its desired "at will" policy explicitly clear to prospective employees at time of hiring, then an employee's subsequent "just cause" expectation, based on existing company termination policy and procedure, may indeed provide a sufficient basis to submit a *Toussaint* claim to the jury. *See, e.g., Renny v. Port Huron Hospital,* 427 Mich. 415, 398 N.W.2d 327 (1986);[**] *Walker v. Consumers Power Co.,* 824 F.2d 499 (6th Cir.1987); *Wiskotoni v. Michigan National Bank,* 716 F.2d 378 (6th Cir.1983).

■ These are the facts that this case presents. Though there is every indication in this record that the employer never explicitly undertook the "for cause" duty, it is equally clear that this employer failed explicitly to establish the "at will" character of plaintiff's employment to him at the time he was hired. For instance, during plaintiff's deposition, the following exchange occurs:

Q. Did [State Farm employees interviewing plaintiff for the job] at any point in their conversations with you prior to your employment with State Farm, indicate that you could be terminated only for just cause?

A. Not that I can recall.

Plaintiff's deposition, appended to defendant's Motion for Summary Judgment (Docket Entry 20), Tab 1 at 3). Plaintiff testified to similar effect elsewhere, stating that no such representation was made to him during the period in which he was trained. *Id.,* Tab 1 at 4; *see also id.* at 9 *and id.* Tab 2 at 10. Plaintiff further states that his belief that he was wrongfully terminated was based on his subjective hope that the employer would not fire him unless for cause. *Id.,* Tab 3 at 5–6. Had the employer taken care at the time plaintiff was hired to establish the "at will" policy it now urges, plaintiff could have had no such legitimate hope.

From the foregoing, then, it is clear that, although State Farm never explicitly promised "for cause" status to Mr. Ross, neither did it explicitly establish that he was to be an "at will" employee. Consequently, in light of defendant's carefully enumerated policy and procedures governing employee termination, found in appendices to plaintiff's Brief in Support of Motion for Reconsideration, the law reserves plaintiff's *Toussaint* claim for the factfinder and summary judgment was therefore improper. This is a palpable defect in the earlier determination that requires correction and is therefore grounds for reconsideration under Local Rule 17(m)(3). For this reason, I hereby vacate the earlier dismissal of Count I of the complaint, which Count is hereby REINSTATED.

IT IS SO ORDERED.

## ON DEFENDANT'S MOTION TO RECONSIDER

I originally granted defendant employer's Motion for Summary Judgment on the *Toussaint* claim. *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980). Upon plaintiff's motion, I reconsidered that matter, concluded that the motion should not have been granted, and ordered the vacation of the previous order. The defendant employer has now sought reconsideration of the latter order.

The thrust of defendant's argument in support of its Motion for Reconsideration of my Order of October 23, 1987 apparently is this statement characterizing my holding:

This Court has held that unless an employer expressly enters into a terminable-at-will contract with an employee at the commencement of his employment, the employment relationship is necessarily one terminable only for just cause.

Defendant's Brief at page 8. Defendant further characterizes my holding as a "radical shifting of the burden of proof" to the defendant.

I deny that the Memorandum Opinion held as indicated above and further deny

---

[**] "The existence of a just-cause contract is a question of fact for the jury where the employer establishes written policies and procedures by which to discharge an employee, but does not expressly retain the right to terminate employees at will." *Renny,* 418, 419, 398 N.W.2d 327.

that it shifted the burden of proof. Upon review of that opinion, I fail to find any language upon which a reasonable person could base the characterizations made by the defendant. Possibly defendant's counsel thought that if he could paraphrase the holding in such a shocking way, I might alter the order. Frankly I am more than a little surprised, in view of the quality of the defendant's previous work, that such characterizations were made. My 4–page opinion will not be repeated here, but counsel should reread it and hopefully note that it contains nothing that could be construed as defendant has stated.

Turning to the merits, I acknowledge that this factually simple case is quite difficult. This is because the Michigan decisions are not all that clear, and because the issue is raised by summary judgment motion. The conflicting interpretations of case law are reflected in counsel's positions which, for illustrative purposes, are very simplistically paraphrased below.

1. Defendant says that plaintiff never read or saw the content of the employment manuals and therefore the employee could not have relied on it. Thus, the manuals could not be the basis of a reasonable expectation of an employment term on the part of the plaintiff. (This is clearly logical for one could not have justifiably relied or based a reasonable expectation upon something of which one was not aware).

2. Plaintiff counters by saying that in the situation where the employer has established in the manuals a list of disciplinary violations and penalties and a disciplinary procedure by which to discharge an employee and, at the same time, has failed to expressly retain an "at-will" right to discharge, a question of fact as to the employment terms is presented which prevents summary judgment. (This is logical as well).

The difficulty arises, it appears to me, because these two positions are being applied to the situation where the plaintiff has admitted he was unaware of the policies in the employee handbook. Defendant claims nothing more need be presented as this unawareness is controlling and thus plaintiff's suit should be dismissed. The problem I have with that position is created by the principle set forth in *Renny v. Port Huron Hospital,* 427 Mich. 415, 398 N.W. 2d 327 (1986), as noted in the opinion of October 23, 1987,—and that principle raises the question of what the employment contract actually is in this case and similar cases.

To illustrate the difficulty, it is necessary to set forth a number of hypothetical factual possibilities relating to contracts in the employment area.

(a) The subject of duration of employment never arises, and there are no policies or representations (manuals or otherwise) bearing on the subject. In this case, the employer would win as there is nothing upon which to base a claim that the parties have contracted to alter the legally-implied right of the employer to terminate the employment at will.

(b) The subject of duration of employment never arises, but the employer has policies and procedures (by manual or otherwise) which can reasonably be understood by an employee familiar with them to provide that the employee can be discharged only for just cause. Here, a question of fact as to the terms of the contract is usually presented and if the employee's expectations arising from those policies and procedures are reasonably based and logically drawn, the employee is likely to win.

(c) The same hypothetical as (b) above except the employer expressly tells the employee and has the employee sign an acknowledgement that the employment is one "at will." Here, the employer wins as the employee can have no reasonable expectation of "just cause" dismissal in the face of the explicit position of the employer.

(d) The subject of duration of employment never arises. There is an employee manual which establishes grounds and procedures for discharge. There is no express term of employment preserving "at-will" status, and the employee is not aware of the contents of the manual. Who wins? The preliminary question and the one presented in this case is whether or not

summary judgment is appropriate for the employer.

Defendant apparently takes the position that on the employer's motion for summary judgment, the employee must create a fact question of reasonable reliance or the employer wins. Indeed that is one possibility and would be the correct answer if (1) we were to know what the employment contract actually was; and (2) we were to conclude that knowledge of policies and practices can only come from being familiar with the manual. We know, however, that not only can knowledge of policies and practices come from other sources, but yet another analysis or conclusion is also appropriate: that summary judgment cannot be granted because the terms of the contract have not been established. This is another way of saying one of two things: (1) defendant has not shown that reliance cannot be established in some other way other than by personal knowledge of the contents of the employee handbook; or (2) we do not yet know what the terms of the employment contract actually are per *Renny*. Where nothing is stated, we know an employment at will is legally created. Where only policies and procedures as to discipline and discharge are established and nothing more, what is the contract? The contract terms are either expressed and thus knowledge of them is irrelevant (the terms are shown and nothing else is needed) or they are implied by the application of estoppel principles based upon the employee's reasonable reliance on the employer's conduct (promulgation of employment policies and procedures). Additional hypotheticals I hope will make the point clearer.

Since General Motors and the UAW have a labor contract, an employee working in the bargaining unit has the benefits and burdens of that contract whether he knows the contents thereof or not. Why? Because there is a contract in existence governing the relationship, the terms of which are specific and are known to apply to the employee.

What is the contract in existence governing the relationship here? We know that employment relationships are consensual and therefore based upon contract. We just do not know what the contract is. Moreover, we know there are other methods or ways of establishing reliance if necessary. For example, an illiterate long-term employee may have seen what happens to other employees over the 20 or so years of employment. He may have heard co-employees' conversations about the provisions of the manual which support the expectation thus created if the manual, in fact, supports that expectation. Why isn't this reliance? The imagination can create an infinite number of ways that an employee may become aware of actual policies and practices without having read the manual or seen it. In short, I read *Renny* as saying that where there is a manual in existence setting forth reasons and procedures for discipline and discharge of an employee and no preservation of the right to terminate at will, a fact question exists as to what the contract actually is. Silence where we do not know what the contract is does not permit summary judgment for the employer. Reliance in that situation may well not be as significant in determining what the contract is as it would otherwise be. In other words, reliance is essentially an element of an estoppel theory. Thus, where an employer reasonably leads an employee to believe that discharge will be for "just cause" only, the employer may be estopped to deny it and thus the contract terms are created. Reliance in the same sense as it is used in an estoppel theory is of no importance if the contract in fact provides for something other than an employment at will. This we have seen exists in the relationship under an express collective bargaining agreement such as the one between GM and UAW where we never concern ourselves with representations and policies and actual reliance.

In short, in the situation presented, we simply do not know on the motion for summary judgment what the contract is nor has there been negated the possibility of reliance other than by personal knowledge of the content of the book itself.

 *It is important to note that nothing that I have said previously nor herein*

786

*suggests that the trial burden shifts from plaintiff to the defendant.* On summary judgment motion, however, the movant has the burden of establishing that there is no genuine issue of fact but that the terms of the contract did not provide for just cause discharge or that there was nothing put forth by the employer that the plaintiff could have relied upon *reasonably* which would have justified the plaintiff's belief that he was subject to "just-cause" discharge only.

The defendant's Motion must be DENIED without prejudice to renewal in the event it is appropriate under the view of law stated herein.

IT IS SO ORDERED.